Argued and submitted December 16, 1982, affirmed January 19, reconsideration denied March 18, petition for review denied April 19, 1983 (294 Or 749)

In the Matter of the Compensation of
Fred Baer, Claimant.

## SAIF CORPORATION,
*Petitioner,*

*v.*

## BAER,
*Respondent.*

(WCB No. 80-06842, CA A24997)

656 P2d 959

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for petitioner.

J. Michael Alexander, Salem, argued the cause for respondent. With him on the brief was Brown, Burt, Swanson, Lathen & Alexander, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

In this workers' compensation case involving a scheduled disability, SAIF seeks judicial review of a determination by the Workers' Compensation Board (Board) affirming the referee's award of compensation for a 30 percent loss of function of the left leg. SAIF contends that the Board erred in (1) not requiring the referee to apply administrative rules governing evaluation of permanent disability, OAR 436-65-000 *et seq,* and (2) not according presumptive validity to the determination by the Evaluation Division of a 15 percent loss of function. We affirm.

SAIF contends that the administrative rules are binding on the Board and the Hearings Division in that they require that "all parts or divisions of the [Workers' Compensation] Department evaluate disabilities as set forth in the rules." SAIF builds its argument on the basis of selected statutory and administrative provisions, including ORS 656.708 (the Board and Hearings Division are part of the department); ORS 656.726(3)(a) (the director of the department has general authority to promulgate regulations); ORS 656.726(3)(f) (the director has authority to "provide general guidelines for the evaluation of permanent disabilities"); and OAR 436-65-003(1) (the rules "apply to the Workers' Compensation Department").

The only indication that the rules are *required* to be applied by anyone is found in a rule that governs only the Evaluation Division. OAR 436-65-005, entitled "Evaluation Division Responsibility: Procedure," provides in relevant part:

"(1)   The Evaluation Division has the responsibility of evaluating disability claims and determining compensation awards, and all requests for determination in the first instance shall be referred thereto.

"* * * * *

"(4)   The guidelines promulgated by the Department pursuant to ORS 656.726(3) *shall be applied* when evaluating the permanent disability of an injured worker." (Emphasis supplied.)

On their face, therefore, the rules are binding as a procedural matter only on the evaluation division.

■ ■    In oral argument, SAIF maintained that the referee's task was simply to find the facts and apply the administrative rules promulgated by the director. Insofar as the administrative rules have substantive effect, however, they are, by the terms of ORS 656.726(3)(f) and the rule promulgated thereunder, merely guidelines. A guideline is defined in Webster's Third New International Dictionary (unabridged 1971) as "an indication or outline of future policy or conduct." "Guideline" is thus not a term that denotes (or connotes) binding effect.

■    Insofar as the director's administrative rules have procedural effect, they could not bind the referees, because such rules would exceed the rulemaking authority of the director. ORS 656.726(3)(g) gives the director authority to make procedural rules affecting workers' compensation proceedings except as to those matters specifically delegated to the Board:

> "(3)   * * * To that end the director may:
>
> "* * * * *
>
> "(g)  Prescribe procedural rules for and conduct hearings, investigations and other proceedings pursuant to ORS 654.001 to 654.295 and 656.001 to 656.794 regarding all matters other than those specifically allocated to the board or the Hearings Division."

ORS 656.726(5) describes the Board's sphere of responsibility with respect to rulemaking:

> "The board may make and declare all rules which are reasonably required in the performance of its duties, including but not limited to rules of practice and procedure in connection with hearing and review proceedings and exercise its authority under ORS 656.278. Such rules may provide for informal prehearing conferences in order to expedite claim adjudication, amicably dispose of controversies, if possible, narrow issues and simplify the method of proof at hearings. The rules shall specify who may appear with parties at prehearing conferences and hearings."

The Hearings Division is contained within the Board. ORS 656.708(3). Under ORS 656.726(3)(g) and ORS 656.726(5), therefore, the director must defer to the Board's authority and responsibility to promulgate rules affecting the performance of the referees' function.

SAIF contends in its second assignment[1] that the validity of the determination order should be given a presumption of validity under the holding of *Dimitroff v. State Ind. Acc. Com.,* 209 Or 316, 306 P2d 398 (1957). The statutory workers' compensation scheme in effect at the time *Dimitroff* was decided provided for jury trials in circuit court. The linchpin of the decision in *Dimitroff* was the lack of expertise on the part of lay jury members in rating disability:

> "Appeals from awards of the Industrial Accident Commission to the circuit courts authorize trials de novo before a jury in which the parties are not limited to the record made before the Commission. The result is that the decision of an experienced commission, based upon technical and medical knowledge, is reviewed by laymen having normally no experience in the difficult process of determining the extent of disability or the need of medical treatment, and having no familiarity with the administrative procedure or the terminology employed therein. We therefore find it to be of peculiar importance that the jury in the exercise of its independent function should at least be informed by an instruction that there is a disputable presumption in favor of the decision of the commission." 209 Or at 340.

In affirming the referee here, the Board cited its decision in the case of *Michael Harth,* 34 Van Natta 703 (1982), in which the Board noted that the Evaluation Division, the referees and the Board all have expertise in rating disability. *Dimitroff* is not controlling.

---

[1] In rejecting SAIF's second contention on appeal, the Board cited its decision in *Michael Harth,* 34 Van Natta 703 (1982), which contains the following language:

> "Implicit in SAIF's argument about a presumption of 'correctness' is its belief that the Department's rules governing the rating of disability, OAR 436, Part 65, are binding at all levels of the de novo appeals and review process. We cannot comment on what standards the Court of Appeals does or should use for rating disability, but *we agree with SAIF's position about the binding effect of OAR 436, Part 65, at the Referee and Board level.* This does not mean that OAR 436, Part 65, necessarily contains the complete or absolute answer for all cases. See *Charles Hanscom,* 34 Van Natta 34 (1982). It does mean that to the extent relevant, OAR 436, Part 65, is binding." 34 Van Natta at 706. (Emphasis supplied.)

Whatever may be the effect of a rule that is binding only insofar as it is relevant, we point out to the Board that promulgation of procedural rules affecting performance of the function of the referees is within the Board's exclusive authority under ORS 656.726(3)(g) and 656.726(5).

In *Harth,* the Board rejected the same argument in favor of a presumption that SAIF now propounds before us. It reasoned:

> "We will presume that the Referees performed their official duty in a regular and procedurally correct manner. We decline to presume or to require the Referees to presume that the Evaluation Division made a substantively correct determination in the sense that SAIF here argues for, i.e., an increased burden of proof on the party challenging that determination. The Board likewise cannot presume that the Referees' decisions are substantively correct."

We agree. A substantive presumption in this administrative setting would undercut the referees' and the Board's *de novo* fact-finding function.

ORS 656.283(6) exempts a referee from technical or formal rules of evidence, except as provided in the statutes or in rules specifically promulgated by the Board. There is no statutory provision or Board rule requiring that the determination order be accorded the evidentiary value of a substantive presumption of validity. Even if the Oregon Evidence Code were made binding on the referee, it provides in relevant part only that it is presumed that "[o]fficial duty has been regularly performed," OEC 311(j), a presumption that does not aid SAIF.

Affirmed.